Matter of Attorneys in Violation of Judiciary Law § 468-a (Harper) (2026 NY Slip Op 01583)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Harper)

2026 NY Slip Op 01583

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

PM-49-26
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jesse Seongwon Harper, Respondent. (Attorney Registration No. 4901104.)

Calendar Date:February 23, 2026

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jesse Seongwon Harper, St. Louis, Missouri, respondent pro se.

Motion by respondent for an order reinstating him to the practice of law following his suspension by September 2024 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1508 [3d Dept 2024]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to November 7, 2025 and the February 19, 2026 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined that respondent has not demonstrated, by clear and convincing evidence, his compliance with the rules of this Court and the order of suspension (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [a]) and that he possesses the requisite character and fitness to be reinstated to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.13 [d]; 1240.16 [a]), it is
ORDERED that respondent's motion for reinstatement is denied.
Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.